UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 25-cr-241-5 (TJK) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| **DARRYL DACOTA RILEY, JR.,** | : | 21 U.S.C. § 846 |
| also known as "Slice," | : | (Conspiracy to Distribute and Possess with Intent to Distribute |
| Defendant. | : | One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of PCP, 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, and 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl) |
| | : | |
| | : | 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: 21 U.S.C. §§ 853(a), (p); 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c). |

**INFORMATION**

The United States Attorney charges that:

**COUNT ONE**

Beginning no later than July 2024 and continuing through August 2025, within the District of Columbia and elsewhere, **DARRYL DACOTA RILEY, JR, also known as "Slice,"** did knowingly and willfully combine, conspire, confederate and agree together with other persons both known and unknown to the United States, to unlawfully, knowingly and intentionally

1

distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of phencyclidine (PCP), 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(iv), (b)(1)(B)(ii), (b)(1)(B)(vi) and 846.

>   (**Conspiracy to Distribute and Possess with the Intent to Distribute One Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine (PCP), 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, and 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about August 26, 2025, within the District of Columbia, **DARRYL DACOTA RILEY, JR., also known as "Slice,"** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No 2012-CF2-012342, did unlawfully and knowingly receive and possess one or more firearms, to wit: a Taurus 9mm handgun bearing serial number ABD483236 and containing 9mm ammunition, a Glock 21 45mm handgun bearing serial number MLX514 and containing 45mm ammunition, and a privately manufactured AR-style .223 caliber firearm with no serial number and containing .223 ammunition, all of which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>   (**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Counts One and Two, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property

constituting, or derived from, any proceeds obtained, directly or indirectly as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

## MONEY JUDGMENT

The United States will also seek forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense, and any property traceable to such property.

## SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(a) and (p), and Title 28, United States Code, Section 2461(c))

                                Respectfully submitted,

                                JEANINE FERRIS PIRRO
                                United States Attorney

By:    */s/ Matthew W Kinskey*
        Matthew W. Kinskey
        Assistant United States Attorney
        D.C. Bar No. 1031975
        Violence Reduction & Trafficking Offenses
        601 D Street NW
        Washington, DC 20530
        matthew.kinskey@usdoj.gov